

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2008

# Clinton Bush v. David Elbert

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2929

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Clinton Bush v. David Elbert" (2008). *2008 Decisions.* Paper 227.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/227

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2929
_____

CLINTON BUSH,

Appellant

vs.

DAVID J. ELBERT

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 08-cv-00217)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
OCTOBER 31, 2008
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(filed: November 14, 2008 )
_____

OPINION
_____

PER CURIAM.

        Clinton Bush, a federal prisoner, appeals an order of the United States

District Court for the Middle District of Pennsylvania dismissing his habeas petition filed

pursuant to 28 U.S.C. § 2241.  We will affirm.

1

Bush pleaded guilty in December 1998 in the United States District Court for the Eastern District of Pennsylvania to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), and was sentenced to 180 months imprisonment with a five year period of supervised release. Bush apparently waived his appellate rights. In March 2000, he filed a motion pursuant to 28 U.S.C. § 2255 alleging that counsel rendered ineffective assistance. New counsel was appointed and an amended motion adding a claim based on Apprendi v. New Jersey, 503 U.S. 466 (2000), was filed in January of the following year. After an evidentiary hearing, the District Court concluded that Bush's claims were without merit and denied the motion. Bush timely appealed. This Court denied his request for a certificate of appealability in an order issued on September 30, 2002, see C.A. No. 01-3839, and the Supreme Court subsequently denied his petition for a writ of certiorari. Bush then sought relief from judgment in a motion filed pursuant to Fed. R. Civ. P. 60(b)(6) in September 2003. In his Rule 60(b) motion, Bush once again claimed that he received ineffective assistance of counsel – both during his initial proceedings and at the collateral challenge stage. Bush's motion fared no better than his § 2255 motion, and was denied by the District Court in an order entered on October 1, 2003. After unsuccessfully seeking reconsideration, Bush appealed. We denied his motion for a certificate of appealability in an order issued on May 28, 2004. See C.A. No. 03-4027.

Undeterred, Bush thereafter sought relief in the United States District Court for the Middle District of Pennsylvania by filing a habeas petition pursuant to 28 U.S.C. § 2241 asserting that his federal sentence was improperly enhanced pursuant to the provisions of the Armed Career Criminal Act ("ACCA"). Because Bush failed to establish that his remedy under § 2255 was inadequate or ineffective under the standards announced in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the District Court entered an order on July 20, 2005 dismissing the petition without prejudice to Bush's decision as to whether to reassert his claim in either a § 2255 motion or an application seeking leave to file a second or successive § 2255 motion. Bush did neither and, instead, returned to the Eastern District where he filed a motion "to correct judgment and commitment order" seeking to have the District Court – purportedly pursuant to Rule 36 of the Federal Rules of Criminal Procedure – correct the judgment order to reflect the reason why he received a term of imprisonment of 180 months instead of 120 months. In an order entered on March 21, 2007, the District Court denied Bush's motion noting that he was subject to a term of imprisonment of not less than 180 months under 18 U.S.C. § 924(e)(1). Bush appealed and we summarily affirmed the District Court's order on December 12, 2007. See C.A. No. 07-1974.

Not to be discouraged, Bush returned to the Middle District of Pennsylvania less than two months later with a second § 2241 petition seeking immediate release from confinement. Bush continued with his challenge to the 180-month term of imprisonment,

3

arguing that the maximum sentence for a § 922(g)(1) conviction is 120 months and that, therefore, his sentence is illegal. As with his previous § 2241 petition, the District Court determined that Bush failed to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his continued detention, and thus dismissed it without prejudice to his decision to either file a § 2255 motion or to seek leave from this Court to file a second or successive § 2255 motion. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. For essentially the same reasons set forth by the District Court, we will summarily affirm the order of dismissal.

As the District Court properly concluded, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or because Bush is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Okereke, 307 F.3d at 120-21. See also Cradle, 290 F.3d at 539.

4

The "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Such is not the case here. Bush makes no allegation that he is actually innocent of the crime for which he was convicted. We agree with the District Court that Bush's claim is clearly a challenge to the legality of the criminal sentence imposed by the United States District Court for the Eastern District of Pennsylvania in United States v. Bush, E.D. Pa. Crim. No. 98-cr-00370. The exception identified in In re Dorsainvil is simply inapplicable, and Bush may not evade the gatekeeping requirements of § 2255 by seeking relief under § 2241.

Because the § 2241 petition was properly dismissed and the District Court committed no abuse of discretion in denying Bush's reconsideration motion, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999), no substantial question is presented by this appeal. Accordingly, the District Court's order of dismissal will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6. Bush's "Ex Parte Special Motion..." is denied.

5